IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : : | MDL NO. 2342 12-MD-2342 |
| | : | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT APPLIES TO: | : : | CIVIL ACTION |
| *Morgan*, et al. *v. Pfizer, Inc.*, et al. | : | No. 12-6934 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                       June 2, 2014

In this case, 25 Plaintiff families from 18 different states filed a single lawsuit in state court in Missouri. Defendants removed the case to the United States District Court for the Eastern District of Missouri, and the case was later transferred to this Court as part of the Zoloft MDL. Plaintiffs have moved to remand, asserting that because two Plaintiff families are from New York and one is from New Jersey, there is no diversity with Pfizer (which is a citizen of Delaware and New York for diversity purposes); Roerig, a division of Pfizer (Delaware and New York); and Greenstone, a wholly-owned subsidiary of Pfizer (Delaware and New Jersey). Defendants contend that Plaintiffs impermissibly and fraudulently misjoined separate cases into one lawsuit in order to defeat federal jurisdiction.

I.   **LEGAL STANDARD**

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[1] The removal statutes "are to be strictly construed

---

[1] 28 U.S.C. § 1441(a).

against removal and all doubts should be resolved in favor of remand."[2] 28 U.S.C. § 1331 grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1332 provides that the federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[4] The party removing the case has the burden to prove that federal jurisdiction is proper at all stages of the litigation.[5]

## II. DISCUSSION

The concept of fraudulent misjoinder has been adopted by some federal courts, most notably the Eleventh Circuit, which held that the plaintiffs improperly attempted to defeat diversity jurisdiction by the "egregious" misjoinder of two groups of unrelated defendants.[6] The Third Circuit has not ruled on whether or not to adopt the doctrine of fraudulent misjoinder; nor has it expressly settled the question of whether to apply Federal Rule of Civil Procedure 20 or the state law counterpart when considering whether a party is properly joined. However, relevant to the latter issue, the Third Circuit has ruled that when evaluating a charge of improper joinder of defendants, the district court must resolve "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. If there is even a possibility that a state court would find

---

[2] *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1332(a).

[5] *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[6] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

2

that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."[7] Although procedural rather than substantive laws are at issue here, the Court believes the same principles apply and the Court will apply Missouri's joinder rule. The Missouri rule, which is based on and is similar to Federal Rule 20, provides in relevant part that:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.[8]

Federal courts in Missouri, acting either pursuant to the state rule or its similarly-worded federal counterpart, have remanded cases similar to this one. For example, in a recent case against Pfizer, the United States District Court for the Eastern District of Missouri ordered remand, as "the defendant has not demonstrated that the joinder of a New York citizen and a Delaware citizen with the other plaintiffs in this action 'borders on a sham.'"[9] That court also

---

[7] *Boyer*, 913 F.2d at 111 (internal citations and quotations omitted).

[8] V.A.M.R. 52.05(a). Section (b) of the Rule provides that "[t]he court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a person as a party against whom the party asserts no claim and the person asserts no claim against the party and may order separate trials or make other orders to prevent delay or prejudice."

[9] *Lovett v. Pfizer*, No. 14-458, 2014 WL 1255956, at *2 (E.D. Mo. Mar. 26, 2014) (quoting *In re: Prempro Prods. Liab. Litig.*, 591 F.3d 613, 624 (8th Cir. 2010); other quotation marks omitted).

3

has reached the same conclusion with regard to Zoloft claims specifically.[10]

These decisions take their cue from the 2010 decision by the Eighth Circuit in *In re: Prempro Products Liability Litigation*.[11] The Eighth Circuit in that case declined to adopt or reject the doctrine of fraudulent misjoinder, but held that even if it were to adopt it, the defendants, manufacturers of hormone replacement therapy drugs, had failed to demonstrate that the alleged misjoinder was so egregious as to constitute fraudulent misjoinder.[12] In so ruling, the Eighth Circuit construed the use of "transaction" in Federal Rule 20 broadly, noting that it "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceedings. Absolute identity of all events is unnecessary."[13]

This Court agrees that as in *Prempro*, "there may be a palpable connection between the plaintiffs' claims against the manufacturers as they all relate to similar drugs and injuries and the manufacturers' knowledge of the risks" of the drugs.[14] Although Pfizer argues that *Prempro* is distinguishable because the plaintiffs in that litigation all alleged the same injury, breast cancer, the Court finds that here, although the specific birth defects may vary, all Plaintiffs allege that their injuries may be traced to the use during pregnancy of sertraline (either Zoloft or its generic equivalent). Plaintiffs are likely to rely upon common evidence to demonstrate general

---

[10] *T.F. v. Pfizer, Inc.*, No. 12-1221, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012); *S.L. v. Pfizer, Inc.*, No. 12-420 slip op. (E.D. Mo. Apr. 4, 2012).

[11] 591 F.3d 613 (8th Cir. 2010).

[12] *Id.* at 622.

[13] *Id.* at 622 (internal quotation omitted). The Missouri Supreme Court has held similarly that there is a "broad policy favoring permissive joinder." *State ex rel. Allen v. Barker*, 581 S.W. 2d 818, 826 (Mo. 1979).

[14] *Id.* at 623.

causation, adequacy of warnings, and other issues.[15]

The approach outlined above comports with this Court's recent opinion in the *Avandia* MDL:

> The doctrine of misjoinder of plaintiffs is not one which is universally accepted by federal courts. However, in the absence of a ruling from the Third Circuit regarding misjoinder of plaintiffs, the Court will act in accordance with its own prior opinions in this case, and sever a plaintiff only if it finds that there is "no reasonable basis for the joinder of that non-diverse plaintiff with the other plaintiffs . . .[as] in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard," and the misjoinder was egregious. As the burden is on [Defendant] to demonstrate misjoinder, the Court will only sever the [non-diverse] plaintiffs if [Defendant] can demonstrate that they have no real connection to the action, and therefore their joinder has no proper justification, but only serves to defeat removal, and should not be permitted.[16]

It appears that Missouri courts allow multiple plaintiffs to join in a case together despite suffering separate injuries that may require individualized proof and thus Defendants have not met their burden of establishing that there is no possibility that Missouri would permit the case at issue to proceed as filed, and there is no basis to find that the claims of the non-diverse plaintiffs are fraudulently joined but the claims asserted by plaintiffs who are citizens of other states are not. Therefore, on the record before it, the Court cannot conclude that Plaintiffs' claims were egregiously misjoined. The Court will remand the case and will leave any necessary determination of improper joinder to the Missouri state courts. If, upon remand, a Missouri state court finds that the claims were misjoined, or if the non-diverse Plaintiffs are severed for other

---

[15] The Court therefore finds this case substantially different from the state-court case relied upon by Pfizer. *See Ballard v. Wyeth*, No. 042-07388A slip op. at 3 (Mo. Circuit Ct. St. Louis Aug. 24, 2005) (finding joinder improper because "Plaintiffs attempt to join claims by **and** against different parties [and] [t]here is no overarching policy at issue here or even a single defendant responsible for each Plaintiff's injuries").

[16] *In re Avandia Mktg, Sales Pracs., & Prods. Liab. Litig.*, No. 07-md-1871, 2014 WL 2011597, at *3-4 (E.D. Pa. May 15, 2014) (footnotes omitted).

5

reasons or dismissed on grounds suggesting misjoinder, Defendants may again seek to remove any action in which diversity jurisdiction is present and removal permitted by statute.[17] An order will be entered.

---

[17] *See id.*